IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Case Number 06-CR-00377-LTB-1

UNITED STATES OF AMERICA,

      Plaintiff,

v.

CUONG QUOC TRANG,

      Defendant.

---

**DEFENDANT'S SENTENCING MEMORANDUM IN SUPPORT OF REQUEST
FOR SENTENCE OF PROBATION OR OF LESS THAN ONE YEAR**

---

David A. Ogilvie, Reg. #3813
dao@davidogilvielaw.com
1675 Broadway, Suite 1400
Denver, CO  80202
Telephone:  303-837-9991
Facsimile:  303-837-9992
Attorney for Defendant

# TABLE OF CONTENTS

I.  INTRODUCTION…………………………………………………………1

II.  FACTUAL SYNOPSIS………………………………………………...2

III.  ANALYSIS AND ARGUMENT……………………………………...4

      A.     U.S. 10TH CIRCUIT COURT OF APPEALS POSITION
      ON VARIANCE FROM NON-BINDING SENTENCING
      GUIDELINES, AND REASONABLE SENTENCE……………....4

      B.     WHY A SENTENCE OF PROBATION, OR OF
      LESS THAN ONE YEAR, WOULD BE APPROPRIATE……...…6

IV.  CONCLUSION………………………………………………………..17

# TABLE OF AUTHORITIES

**CASE AUTHORITY**

*U.S. v. Kristl*, 437 F.3d 1050 (10th Cir. 2006) at page 1053 .......... 4

*U.S. v. Booker*, 543 U.S. 220 (2005), 125 S.Ct. at 766 .......... 4

*U.S. v. Atencio*, 476 F.3d 1099 (10th Cir. January 17, 2007) .......... 4

*U.S. v. Mateo*, 471 F.3d 1162 (10th Cir. 2006) .......... 5

*U.S. v. Aguayo-Gonzalez*, 472 F.3d 809, 811 (10th Cir. 2007) .......... 5

*U.S. v. Javiar Ruiz-Terrazas* (10th Cir. 2007) .......... 5

*U.S. v. Hall*, 1473 F.3d 1295, 1314 (10th Cir. 2007) .......... 5

*U.S. v. Page*, 451 F.3d 585 (10th Cir. 2006) .......... 5

*U.S. v. Bishop*, 469 F.3d 896, 907 (10th Cir. 2006) .......... 5

*Rita v. United States,* #06-5754, 551 U.S. ___ (2007) .......... 5

*U.S. v. Willis*, 476 F.3d 1121, 1130 (10th Cir. 2002) .......... 7

*U.S. v. Jones,* 158 F.3d 492 (10th Cir. 1998) .......... 10

*U.S. v. Milikowsky,* 65 F.3d 4, 8 (2nd Cir. 1995) .......... 10

*U.S. v. Farouil,* 124 F.3d. 838 (7th Cir. 1997) .......... 11

*U.S. v. Bakeas,* 987 F. Supp. 44(D) Mass. (1997) .......... 11

*U.S. v. Smith,* 27 F.3d 649 (D.C. Cir. 1994) .......... 11

*U.S. v. Pacheco-Soto* 396 F.Supp 2d 1198 @ p. 1203 (10th Cir. N. Mx. 2005) .......... 11

*Koon v. U.S.* 518 US 81 (1351 L Ed. 2nd 392), 116 S. Ct. 2035 (1996) .......... 11

*U.S. v. Fagan,* 162 F.3d 1280, 1284-85 (10th Cir. 1998) .......... 12

*U.S. v. Kopp,* 951 F.2d 521 (3rd Cir. 1991) .......... 13

*U.S. v. Little* (June 2006), Indianapolis, Indiana .......... 15

*U.S. v. Laemmrich* (June 2006), Marquette, Michigan .......... 15

*U.S. v. McCausland*, (December 2006), Erie, Pennsylvania .......... 15

*U.S. v. Diaz*, Miami, (December 4, 2003), Southern District of Florida .......... 15

*U.S. v. Heckenkamp*, (April 2005), Northern District of California .......... 15

*U.S. v. Pui*, and *U.S.v. Pruett*, both in the Western District of North Carolina .......... 16

## STATUTORY & RULE AUTHORITY

18 U.S.C. §3553 (a)(1)                                          6

18 U.S.C. §3553 (a)(2)                                          7

18 U.S.C. §3553 (a)(2)(A)                                       7

18 U.S.C. §3553 (a)(2)(B)                                       8

18 U.S.C. §3553 (a)(2)(C)                                       9

18 U.S.C. §3553 (a)(2)(D)                                       9

18 U.S.C. §3553 (a)(3)                                         10

18 U.S.C. §3553 (a)(4)                                         12

18 U.S.C. §3553 (a)(5)                                         15

18 U.S.C. §3553 (a)(6)                                         15

18 U.S.C. §3553 (a)(7)                                         16

U.S.S.G. §2B5.3 (a)                                            13

U.S.S.G. §2B5.3 (b)(2)                                         18

U.S.S.G. §2B5.3 (b)(3)                                         13

U.S.S.G. §2B1.1                                                13

U.S.S.G. §3B1.2                                                 7

U.S.S.G. §3B1.3                                                13

U.S.S.G. § 5K2.0, and 5H1.2-6                                  11

INA § 237 (a)(2)(A)(iii)                                       16

INA § 101 (a)(43)(G)                                           16

INA § 101 (a)(43)(M)(i)                                        16

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Case Number 06-CR-00377-LTB-1

UNITED STATES OF AMERICA,

      Plaintiff,

v.

CUONG QUOC TRANG,

      Defendant.

---

**DEFENDANT'S SENTENCING MEMORANDUM IN SUPPORT OF REQUEST FOR SENTENCE OF PROBATION OR OF LESS THAN ONE YEAR**

---

## I.  INTRODUCTION

Defendant, Cuong Quoc Trang, is requesting that the Court enter a sentence of probation or of less than one (1) year, which would be a reasonable variance from the suggested guidelines under the facts of the case, and which would avoid the inequities of almost certain deportation of Defendant, should he be sentenced to imprisonment of one year or more.

Defendant has been a lawful United States resident since 1992, has no criminal record and has not engaged in any criminal or anti-social activity of any nature, but for the present unfortunate incident.

In 2004, as part of a larger investigation, the Government discovered Defendant was

marginally involved in copyright infringement activities.   Defendant immediately accepted responsibility for his actions, and cooperated fully with the Government in its on-going investigation, and began negotiations for a reasonable plea agreement.

In 2006, Defendant entered into a Plea Agreement with the Government, and agreed to plead guilty to conspiracy to commit copyright infringement.  The Government's sentencing computation in the Plea Agreement, pursuant to non-binding guidelines, resulted in a suggested offense level of 13 and advisory guideline range of 12-18 months.  The Government acknowledged Defendant's acceptance of responsibility, and agreed that he could request the Court to vary or depart from the advisory guideline range, at sentencing.  The Pre-Sentencing Report suggests an offense level of 15 and advisory guideline range of 18 to 24 months.

Defendant respectfully asserts the following grounds for variance from advisory guideline levels and ranges, and requests imposition of sentence of probation or of less than twelve (12) months.

## II.  FACTUAL SYNOPSIS

In November of 2002, as part of an investigation of the "Warez" scene, the Government began to operate an undercover computer as part of its extensive and far-reaching investigation.  The Government was tracking Internet activities of many individuals, involving hundreds of thousands of transmissions and communications.  Defendant's transmissions were a very small part of the overall activities being investigated.  As part of the investigation, the Government was monitoring the activities of a group known as "Legends Never Die" (LND).

Defendant communicated on the Internet with a "member" of LND, but refused invitations to become a member. He ignorantly, without knowing it was a violation of United States copyright law,

downloaded some music, movies and games, and transmitted a few software titles, in response to requests of this Internet correspondent. He did not engage in any activities of de-encryption, nor did he manufacture any type of de-encryption "kygens." He had no idea that his actions would cause any loss to anyone, and he had no fraudulent intent.

Defendant is a Vietnamese citizen, in the United States on valid "green card" status, who has applied for United States citizenship. He is 34 years old, and has lawfully resided in the United States since 1992, when he arrived with some of his family. His father had been jailed by the communist government for helping the United States, and after his release in 1992, the family was able to immigrate to the United States. Defendant has no criminal record, and has completed his education, both in Vietnam and the United States, through high school, Front Range Community College, and numerous work-related training programs. Defendant has always been gainfully employed, and through diligent study has become a skilled computer assisted machinist at CoorsTek, where has been considered one of their top employees for the past four years.

Upon being contacted by the F.B.I., on April 24, 2004, and informed of the ongoing investigation, Defendant was shocked and frightened, and immediately began cooperating with the Government. He acknowledged his ignorant and ill-informed actions, but confirmed that he was not a part of any conspiracy or a member of LND. He and his attorney traveled to Washington, D.C. and completed an extensive debriefing with the Government and the FBI, giving them all the information he had about his activities and the activities of others, and offering to help in any way in the ongoing investigation. The Government was appreciative of his efforts, but acknowledged that he had little or no useful information, and, as he was not an active member of the conspiracy, was not able to participate in further undercover investigative work. The Government recognized that he was a

relatively innocent participant in Internet activity, and he explained that his actions were only for his personal use, which included music and games, and some limited software for purposes of improvement of his job performance.

Since his initial interview with the Government in April of 2004, Defendant has ceased this type of Internet activity. Additionally, he has dedicated himself towards correctional learning and rehabilitation, not only for himself, but for the benefit of his community, by educating members of his church and others of the dangers of such ignorant and ill-advised Internet communication.

## III. ANALYSIS AND ARGUMENT

### A.   U.S. 10TH CIRCUIT COURT OF APPEALS POSITION ON VARIANCE FROM NON-BINDING SENTENCING GUIDELINES, AND REASONABLE SENTENCE

Defendant notes that the 10th Circuit Court of Appeals holds that the standard for review for sentences imposed post-*Booker* is "reasonableness," and that "reasonableness review" is guided by the factors set forth in 18 U.S.C. §3553 (a).  *U.S. v. Kristl*, 437 F.3d 1050 (10th Cir. 2006) at page 1053.  Also see *U.S. v. Booker*, 543 U.S. 220 (2005), 125 S.Ct. at 766, confirming that the guidelines are advisory.   The Court held that a sentence within the guidelines would be presumptively reasonable, that the presumption of reasonableness is rebuttable, and that a sentence can be below the suggested guidelines.  *Kristl* at p. 1054, *et seq.*  The 10th Circuit concludes that courts should consult the guidelines and take them into account when sentencing, but that they remain advisory, and that sentences less than the advisory guidelines, if reasonable, are permissible.

In *U.S. v. Atencio*, 476 F.3d 1099 (10th Cir. January 17, 2007), the Court confirmed that a

court may enhance or detract from a guideline range through application of U.S.C. §3553 (a) factors as a "variance" of non-binding guideline ranges. In *U.S. v. Mateo*, 471 F.3d 1162 (10th Cir. 2006), the Court confirmed that, after *Booker*, sentences must be reasonable, that they do not necessarily have to be within guideline ranges so long as they are reasonable and based upon sentencing factors enumerated in 18 U.S.C. §3553 (a), and that so long as there are compelling and adequate grounds present, significant variance from the guidelines are allowable. See also *U.S. v. Aguayo-Gonzalez*, 472 F.3d 809, 811 (10th Cir. 2007), at page 811, "a District Court may use its discretion to impose a sentence either within the guideline range or outside of it, relying on the sentencing factors set out in 18 U.S.C. §3553 (a)." See also *U.S. v. Javiar Ruiz-Terrazas* (10th Cir. 2007), February 26, 2007, No. 06-2138, which confirms that the Court may impose a sentence outside the guideline range, and may state the specific reasons for the imposition of such a sentence in the Order of Judgment and Commitment. See also 18 U.S.C. §3553 (c)(2) and *U.S. v. Hall*, 1473 F.3d 1295, 1314 (10th Cir. 2007). In *U.S. v. Page*, 451 F.3d 585 (10th Cir. 2006) the Court confirmed the continuing importance of the guidelines in fashioning reasonable sentences (p. 594), but confirmed that where the facts of the case justify a variance from the guidelines sentencing courts may "depart" from the advisory guidelines to a lower sentence. See also *U.S. v. Bishop*, 469 F.3d 896, 907 (10th Cir. 2006).

On June 21, 2007, the United States Supreme Court issued its decision in *Rita v. United States,* #06-5754, 551 U.S. ___ (2007). The Court held that a District Court may hear arguments as to why a sentence may vary from the guidelines, and in determining the merits of those arguments, the sentencing court "does not enjoy the benefits of a legal presumption that the guidelines-sentence should apply. *Booker*, 543 U.S. at 259-260." The Court further held that a Court of Appeals may apply a presumption of reasonableness to a District Court sentence within the guidelines, but that

such a presumption is not binding and does not require the sentencing judge to impose a guideline sentence.  The Supreme Court held that this presumption applies only on appellate review.  The Court reaffirmed the application of 18 U.S.C. §3553 (a) sentencing factors, and that the sentencing court may find that a particular case warrants a different sentence, lower than the guidelines, and that there is no presumption that such a sentence is unreasonable (citing *U.S. v. Bishop*, 469 F.3d 896, 907 (CA 10 2006).

**B.     WHY A SENTENCE OF PROBATION, OR OF LESS THAN ONE YEAR, WOULD BE APPROPRIATE.**

1.     18 U.S.C. §3553 (a)(1)   THE NATURE AND CIRCUMSTANCES OF THE OFFENSE AND THE HISTORY AND CHARACTERISTICS OF THE DEFENDANT;

In determining a reasonable and appropriate sentence, the Court is guided by the provisions of 18 U.S.C. §3553 (a).  The Court should impose a sentence sufficient, but not greater than necessary, to comply with sentencing purposes, and reach  a balance among the sentencing factors discussed, after considering the nature and circumstances of the offense, and, of note, the history and characteristics of the Defendant, in determining a particular sentence.

A sentence to probation, or of imprisonment for less than twelve (12) months, would not be precluded by the Defendant's conduct and the offense particulars in this case.  Since the inception of this case, and Defendant's knowledge of the pending investigation in 2004, he has cooperated fully with the United States government in its investigation, and has accepted responsibility for his actions.  The Government's overall investigation was extensive and far reaching, and resulted in the charging of many individuals who were far more extensively involved in copyright infringement activities than

was Defendant.

The nature and circumstances of the particular offense, and Defendant's participation, are not egregious, as recognized and acknowledged by the Government in the Plea Agreement. Defendant was a relatively minor and peripheral participant in internet activities which involved his downloading of movies, music and games, and limited uploading of some software titles. (This was acknowledged by the Government when they determined that, because of his limited involvement, he could not be of further assistance to them in their ongoing investigations.) See *U.S. v. Willis*, 476 F.3d 1121, 1130 (10th Cir. 2002). Defendant was not involved in these activities for profit, did not think he was a member of a conspiracy and did not realize any gain or profit from his actions. He acted through ignorance, and was not aware that his internet activity was illegal or a violation of federal copyright law, (see factual synopsis).

     2.    18 U.S.C. §3553 (a)(2);  THE NEED FOR THE SENTENCE IMPOSED –

**(A)**    TO REFLECT THE SERIOUSNESS OF THE OFFENSE, TO PROMOTE RESPECT FOR THE LAW, AND TO PROVIDE JUST PUNISHMENT FOR THE OFFENSE;

A sentence of probation or less than one (1) year of imprisonment would not denigrate respect for law and would provide just punishment. Defendant's offense-conduct in this case was not exceptionally serious, and recognizing his relatively minimal and innocently ignorant actions would not promote disrespect for the law. A just punishment for his offense-behavior could include probation, or a combination of sentence to imprisonment of a few months, followed by a few additional months of home confinement, not to exceed one (1) year. Such a sentence would afford adequate deterrence to similar criminal conduct, and as noted in paragraph 6, *infra* at page 15, previous sentences have recognized this factor.

U.S.S.G. §3B1.2, Mitigating Role, allows for up to a four (4) level decrease if Defendant was a minimal participant in criminal activity.  The facts of this case clearly establish that Defendant was substantially less culpable than other participants and that he was minimally involved in the criminal activity. Defendant should be accountable only for the conduct in which he personally was involved, when he performed a limited function in the overall criminal activity of the conspiracy being investigated by the Government, and is not precluded from consideration for adjustment under this Guideline (see Notes 3(A) and 4, §3B1.2).  (This section also provides for a decrease of two (2) levels for defendants who are "minor" participants in the criminal activity, which as an alternative, could be applicable if the Court finds involvement at this level.)

**(B)** TO AFFORD ADEQUATE DETERRENCE TO CRIMINAL CONDUCT;

A sentence to probation, or of less than one (1) year, would afford adequate deterrence to criminal conduct by Defendant.  In fact, Defendant has no history of engaging in criminal conduct, but for his minimal and unknowing actions in the present case.  Defendant initially became aware of the criminal investigation against him when he was interviewed by the FBI on April 24, 2004.  As noted before, Defendant immediately undertook efforts to cooperate with the FBI in the investigation, retained counsel, worked with the Attorney General's office, and undertook all possible actions to cooperate with law enforcement, once he realized his conduct was illegal, and that he should not have been downloading or uploading games, software and music.  Defendant's cooperation occurred prior to his actually being charged, when he was not under court order or other legal requirement.  In fact, Defendant continued to cooperate and work with the U.S. Attorney's office up to and including the date of charging and first court appearance in October, 2006.  Thereafter, Defendant fully complied with all conditions of bond release, and has continued to maintain his law-abiding status, employment

and otherwise exemplary conduct.

(C) TO PROTECT THE PUBLIC FROM FURTHER CRIMES OF THE DEFENDANT;

Mr. Trang's acceptance of responsibility has been exceptional, as recognized in the Plea Agreement and Pre-Sentence Report (¶49). He is entirely unlikely to recidivate or engage in further criminal activity (§3553 (a)(2)(B)). Indeed, Defendant has already applied himself towards educating the Vietnamese community to the dangers of the types of activities on the internet which resulted in his present dilemma. He has given informational lectures to members of his ethnic community and church, educating them about the dangers of unauthorized use of internet material such as games, music or software.

There is no need for extended incarceration to protect the public from further crimes of Defendant. He has always been a law abiding, employed, hard working, and otherwise honorable resident, working diligently towards becoming a U.S. citizen. The Pre-Sentence Report is replete with character-reference letters from his employer, his family, and friends confirming his diligence, exceptional application and dedication to work, respect in the community, and, but for this instance, total dedication to an honorable life within the United States. Updated and more recent family statements and letters from his manager, supervisor and co-workers are attached as Exhibits 1-4, further confirming his good character, excellent work ethics and family respect. Also, attached as Exhibits 5-9 are updated certificates confirming additional work-related course completion and perfect attendance at work, together with employee performance appraisal and development forms confirming continued outstanding work performance.

(D) TO PROVIDE THE DEFENDANT WITH NEEDED EDUCATIONAL OR VOCATIONAL TRAINING, MEDICAL CARE, OR OTHER CORRECTIONAL TREATMENT

IN THE MOST EFFECTIVE MANNER;

There is no need to provide Defendant further additional education or vocational training, as a part of his sentence, as can be seen by his vocational history.  (See Exhibits 5-9 and all Exhibits attached to Pre-Sentence Report dealing with vocational history, education and vocational training.) It is obvious that, if given the opportunity by appropriate sentence, Defendant will continue to be a productive member of the community.   The fact that Defendant has maintained an excellent employment history throughout his history in the United States, and most particularly for the later years, including those years when he was under investigation, clearly shows his dedication towards law-abiding conduct, and alleviates any concerns of continued criminal activity.   Downward departures in the past have been recognized by the courts, from pre-advisory guideline sentences in similar circumstances.  See *U.S. v. Jones,* 158 Fed.3d 492 (10th Cir. 1998) and *U.S. v. Milikowsky,* 65 Fed.3d 4, 8 (2nd Cir. 1995).

This section contemplates issues of rehabilitation.   A sentence which would result in Defendant's deportation would not be an appropriate means of promoting his rehabilitation, and ability to continue as a law abiding and productive member of society.  Defendant's involvement in the case was based largely on his lack of understanding that his conduct was prohibited under the United States criminal justice system.  Any correctional treatment needs can best be addressed in the community rather than prison.  Additionally, as noted, Defendant has already begun assisting other members of the Vietnamese community to educate them to the ramifications of relatively innocent acts of unknowing copyright infringement.   A variance from a non-binding guideline level would be appropriate under these circumstances.

3.     18 U.S.C. §3553 (a)(3);  THE KINDS OF SENTENCES AVAILABLE;

A sentence of one (1) year or more would not only ultimately result in Defendant's deportation, but would also place Defendant in a much more restrictive and higher security level prison designation than would be applicable to other defendants. As a deportable non-citizen, he would have no possibility of early release or release to a community corrections facility, nor would he be able to take advantage of minimum security designations or home confinement. Such a sentence would result in unusual or exceptional hardship and conditions of confinement. Therefore, a variance from a sentence of one (1) year or more, to allow for a sentence of probation, would be warranted by the Court. See *U.S. v. Farouil,* 124 F.3d. 838 (7th Cir. 1997); *U.S. v. Bakeas,* 987 F. Supp. 49 (D. Mass. 1997); and *U.S. v. Smith,* 27 F.3d 649 (D.C. Cir. 1994). In essence, a sentence of one (1) year or more subjects Defendant to a life sentence of banishment from the United States, which results in additional punishment, and far more severe and catastrophic consequences than warranted under the case circumstance. See also *U.S. v. Pacheco-Soto* 396 F.Supp 2d 1198 @ p. 1203 (10th Cir. N. Mx. 2005) which recognizes the court's right to depart and vary from the guidelines for these types of "out of heartland" cases (*Koon v. U.S.* 518 US 81 (1351 L Ed. 2nd 392), 116 S. Ct. 2035 (1996).

Defendant's exceptional acceptance of responsibility and obvious remorse, and dedication to overcoming the difficulties presented by this case, are clear. Were this a mandatory guideline sentencing case, the Court could consider further sentence reduction pursuant to not only 18 U.S.C. §3553 (a), but also U.S.S.G. § 5K2.0, and 5H1.2-6 factors. These sections provide for reductions based upon Defendant's minimal involvement, his lack of sophistication, his language and understanding problems, as well as his relatively innocent, unknowing and ignorant actions on the Internet. His position and status take him outside the "heartland" of these guideline parameters, and allow the Court to consider his unusual circumstances. *U.S. v. Pacheco-Soto (supra)* and *Koon v.*

*U.S. (supra).*

In *U.S. v. Fagan,* 162 F.3d 1280, 1284-85 (10th Cir. 1998) the Court held that the guidelines do not expressly forbid a departure where the Defendant shows great remorse "to an exceptional degree" even though the Defendant received an adjustment for acceptance of responsibility.  In *U.S. v. Jones,* 158 F.3d 492 (10th Cir. 1998), the Court departed downward by three levels to probation when it considered that the Defendant had adhered to the conditions of his release and changed both his attitude and conduct to a degree which clearly showed exceptional post-offense rehabilitation.  In the three-plus years since Defendant initially became aware of the criminal investigation against him, he has conducted himself at all times as a law-abiding person.  Additionally, in *U.S. v. Jones* (*supra*) the Court confirmed that it would not be an abuse of discretion to depart downward three levels when considering the Defendant's impressive work history.  Also, Defendant is the sole financial support for his parents, and will be the sponsoring family member for his brothers' immigration to the U.S.  In *U.S. v. Milikowsky,* 65 F.3d 4, 8 (2nd Cir. 1995), the Court found that a permissible justification for downward departure is a need, given appropriate circumstances, to reduce the destructive effects that incarceration would have on innocent third parties.  Incarceration for one (1) year or more would result in the deportation of Defendant, with severe effect on his family.

4.    18 U.S.C. §3553 (a)(4);  THE KINDS OF SENTENCES AND THE SENTENCING RANGE ESTABLISHED FOR –

(A)    THE APPLICABLE CATEGORY OF OFFENSE COMMITTED BY THE APPLICABLE CATEGORY OF DEFENDANT AS SET FORTH IN THE GUIDELINES;

The applicable guidelines confirm that Defendant is eligible for probation or a sentence of less than one (1) year.  At Paragraphs I and IV of the Plea Agreement, Defendant reserved the right to

argue for the guideline level which he feels appropriate to the case and facts.

The beginning offense level from the guidelines is eight (8). U.S.S.G. §2B5.3(a).

The specific offense characteristic of infringement amount, as agreed to by Defendant in the Plea Agreement is $30,000. However, as noted in the factual synopsis, Defendant was not knowingly or intentionally responsible for these estimated losses. U.S.S.G. §2B1.1. and U.S.S.G., Application Note §3(A)(ii) confirm that "intended loss" means harm that was intended to result from the offense, and where there is multiple loss causation, the Court can depart down when the loss was caused by intervening factors. *U.S. v. Kopp,* 951 F.2d 521 (3rd Cir. 1991). Defendant did not intend to cause any loss or harm; loss or harm arose from intervening activities of others unrelated to Defendant.

Paragraph 43 of the Pre-Sentence Report, dealing with specific offense characteristics and U.S.S.G. §2B5.3(b)(3) (2006 Guidelines), recommending adding two (2) levels to offense Guideline is not applicable because Defendant did not manufacture or import infringing items, and under Note 3 of this guideline, "uploading" of items applies only if there is <u>intent</u> to allow others to download. Defendant had no such intent. He only uploaded a few items, because he was asked to, and he did not act as part of a conspiracy to knowingly allow others to download these limited items. Additionally, Paragraph 43 of the PSR appears to be an *ex post facto* application of the 2006 Sentencing Guidelines, which are different from and more incriminating than the 2003 or 2004 Guidelines. The sentence of the Defendant should reflect the nature and magnitude of the pecuniary harm he caused (background note to §2B5.3).

Paragraphs 45 and 46 of the Pre-Sentence Report projecting a two (2) level increase for Defendant's role in the offense (U.S.S.G. §2B5.3 and U.S.S.G. §3B1.3) are not applicable, because Defendant did not de-encrypt or circumvent a security measure to give access to an infringed item.

He had neither the ability nor knowledge to de-encrypt any software item.  It has not even been alleged that he de-encrypted software items.  Therefore, there should not be a two (2) level increase, as suggested in the PSR.  Additionally, amendments are being considered to what was §2B5.3(b)(2) of the 2004 Guidelines, to require a conviction under 17 U.S.C. 1201 and 1204 of trafficking in devices used to circumvent a technological measure, and Defendant has not been charged with, let alone been convicted of, such an offense.

Additionally, Defendant did not utilize a "special skill" as required in the 2004 Guidelines, §3B1.3.  Special skill refers to a skill not possessed by the general public.  Defendant had no such special skill, and did not manufacture or create "kygens" as claimed in the PSR, Paragraph 45 *et seq.* He did not de-encrypt or circumvent a technological security measure.  He acted only with the skills of an average user of a computer and the Internet.  He did not act as a specialized "criminal." Therefore, there would be no two (2) level increase as recommended in Paragraph 46 of the PSR, pursuant to §3B1.3.

Therefore, Defendant would be eligible for a sentence of probation, under the sentencing ranges established for the applicable category of the offense as set forth in the guidelines.  The base offense level of eight (8) should not be increased for use of special skills or de-encryption activities, or the manufacture, importing or uploading of infringing items.  There should be a two (2) or three (3) level reduction from any applicable guidelines for acceptance of responsibility, a two (2) level reduction for an offense not committed for commercial advantage or private gain, and a four (4) level reduction for minimal participation (or a two (2) level reduction for minor participation).  All of these reductions clearly result in an offense level of no more than eight (8), which allows for a sentence of probation or of less than one (1) year.

5.　　18 U.S.C. §3553 (a)(5); ANY PERTINENT POLICY STATEMENT –

There are no pertinent policy statements addressed in the Pre-Sentence Report.

6.　　18 U.S.C. §3553 (a)(6); THE NEED TO AVOID UNWARRANTED SENTENCE DISPARITIES AMONG DEFENDANTS WITH SIMILAR RECORDS WHO HAVE BEEN FOUND GUILTY OF SIMILAR CONDUCT;

A sentence to probation, or of some combination which involved less than twelve (12) months of imprisonment, would not be unwarranted or create a disparity among other defendants found guilty of similar conduct or with similar records.  Defendant was so minimally involved, in comparison to others involved in the conspiracy and prosecuted by the government, that such a sentence would be appropriate.  Other defendants, investigated, charged and sentenced as part of the same government operation, whose involvement was also limited (but more extensive than that of Defendant), were sentenced to less than twelve (12) months in prison.  See *U.S. v. Little* and *U.S. v. Laemmrich*, both recently sentenced in June 2006 in U. S. District Courts in Indianapolis, Indiana and in Marquette, Michigan, with sentences of eight (8) months in prison followed by home confinement on conspiracy to commit copyright infringement charges.  See also *U.S. v. McCausland*, (December 2006) Erie, Pennsylvania, sentenced to five (5) months in prison followed by five (5) months home confinement on conspiracy to commit copyright infringement.  And see *U.S. v. Diaz*, Miami, Southern District of Florida (December 4, 2003), sentenced to six (6) months imprisonment and six (6) months home detention, and *U.S. v. Heckenkamp*, Northern District of California (April 2005), eight (8) months imprisonment and eight (8) months electronic monitoring.  These were among the first sentences for members of the "Warez scene," and were for defendants who were <u>more</u> involved in conspiracy activities than was Defendant.

Others involved in the same conspiracy, who were much more extensively involved than Defendant in this case, were sentenced to prison terms of twelve (12) months and eighteen (18) months (*U.S. v. Pui*, and *U.S.v. Pruett*, both in the Western District of North Carolina).  Pui, who was operating his own distribution and server and was far more involved in a conspiracy than Defendant in this case, was sentenced to a variance sentence of only twelve (12) months.  Pruett, whose offense involved much more egregious conduct uploading and downloading software programs, and involved over $850,000 in loss, received a variance sentence of less than one-half of his guideline range, as noted in the Addendum to the Pre-Sentence Report, paragraph 22.  Therefore, recognition of Defendant's comparatively minor involvement, and a sentence to probation, or less than twelve (12) months imprisonment, would not create any disparity with similar or more serious cases.

Should the Court sentence Defendant to more than one (1) year, he would be subject to deportation pursuant to applicable INA provisions.  (INA § 237(a)(2)(A)(iii); § 101(a)(43)(G), and (M)(i)).   The Defendant, by his plea, has been convicted of an aggravated felony (copyright infringement would be seen as an "aggravated felony," pursuant to these INA definitions).  Therefore, he would be deportable if his term of imprisonment is one (1) year or more, (§ 101(a) & 35(a).  For deportation purposes, what is important is time sentenced, and if the sentence Defendant receives is less than one (1) year imprisonment, he would not fall within this INA definition of aggravated felon, and would not be deportable.

7.       18 U.S.C. §3553 (a)(7)   THE NEED TO PROVIDE RESTITUTION TO ANY VICTIMS OF THE OFFENSE.

The Government is not seeking or recommending restitution in this case, as noted in the Plea

Agreement, § III ¶K, and in the PSR ¶103 and R-1. No claims for restitution have been filed by any victims. In fact, loss to victims from Defendant's actions is extremely difficult to determine, and to attempt to do so would unduly complicate and prolong the sentencing hearing. No actual loss has been claimed, nor was there any intended loss to the victims from Defendant's actions. See *U.S. v. Willis, supra* 1121, 1128 and U.S.S.G §2B1.1(b)(1)(A), and footnote (3)(A)(ii). Under these circumstances, the Court may decline to order restitution (See 18 U.S.C. 3663(B)(ii)).

Additionally, it is respectfully requested that the Court find no loss to victims in excess of $10,000.00 arising from Defendant's actions. This would help to confirm at any subsequent INA action for deportation that Defendant is not deportable for an offense that involved fraud or deceit in which the loss to the victim exceeded $10,000.00 (INA § 101(a)(43)(M)(i)). Defendant's admission to willful but ignorant acts constituting copyright infringement is not an admission of intent to defraud or deceive. Without fraudulent intent to cause loss of more than $10,000.00, Defendant would not be deportable under the applicable INA section, and this Court's findings, as part of sentencing, would assist the Government and any immigration tribunal in so determining.

## IV.  CONCLUSION

The standard for review for post-*Booker* sentences is "reasonableness," and a reasonableness review is guided by the factors set forth in 18 U.S.C. §3553. The applicable sentencing guidelines are advisory. The Court may vary from the guidelines. A sentence below the suggested guidelines would not be presumed to be unreasonable.

A sentence of probation, or of less than one (1) year, would be appropriate in this case. Based on the above analysis of the applicable U.S. Code and U.S. Sentencing Guidelines, the following is an itemization of Defendant's proposed guideline range showing additions and

reductions:

| | | |
|---|---|---|
| Base Offense Level - §2B5.3(a) | | 8 |
| Specific Offense Characteristics §2B5.3(b): | | |
| (1) | Infringement Amount - §2B1.1 | +6 |
| (2) | Manufacture of Infringing Items §2B5.3(b)(2) | +0 |
| (3) | Not Committed for Commercial Advantage or Private Gain §2B5.3(b)(3) | -2 |
| Use of Special Skill - §3B1.3 | | +0 |
| Role in Offense - §2B5.3 | | +0 |
| Acceptance of Responsibility   - §3E1.1(a) | | -2 |
| Minimal Participation   - §3B1.2(a) or Minor §3B1.2(b) | | -4  or -2 |
| **TOTAL OFFENSE LEVEL** | | **6 or 8** |

Since the minimum offense level allowed must be eight (8), sentencing should be based on an offense level of no more than eight (8), which allows for a sentence of probation, or of imprisonment of less than one (1) year.

Dated July 12, 2007.

Respectfully submitted,

DAVID A. OGILVIE, P.C.

s/ David A. Ogilvie

David A. Ogilvie, Reg. #3813
dao@davidogilvielaw.com
1675 Broadway, Suite 1400
Denver, CO  80202
Telephone:  303-837-9991
Facsimile:  303-837-9992

**CERTIFICATE OF SERVICE**

I hereby certify on July 12, 2007, I electronically filed the foregoing **DEFENDANT'S SENTENCING MEMORANDUM IN SUPPORT OF REQUEST FOR SENTENCE OF PROBATION OR OF LESS THAN ONE YEAR** with the Court using the CM/ECF system which will send notification of such filing to the following e-mail addresses:

suneeta.hazra@usdoj.gov
corbin.weiss@usdoj.gov


    s/ Janice Macek
Paralegal to David A. Ogilvie