**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Criminal Action No. 06-CR-00377-LTB-1

UNITED STATES OF AMERICA,

    Plaintiff,

v.

CUONG QUOC TRANG,

    Defendant.

---

**GOVERNMENT'S RESPONSE TO PRESENTENCE INVESTIGATION
REPORT AND TO DEFENDANT'S SENTENCING MEMORANDUM**

---

The United States of America (the government), by and through Corbin A. Weiss, Senior Counsel, U.S. Department of Justice, Criminal Division, Computer Crime and Intellectual Property Section, and Tyler G. Newby, Trial Attorney, U.S. Department of Justice, Criminal Division, Computer Crime and Intellectual Property Section, hereby respond to the Presentence Investigation Report of the United States Probation office and to the Sentencing Memorandum of defendant Cuong Quoc Trang.

**I.    <u>Presentence Investigation Report</u>**

The Presentence Investigation Report ("PIR"), while thorough, contains a few assertions and a United States Sentencing Guidelines ("USSG") calculation to which the government objects.  These errors tend to overstate the defendant's culpability and led the

PIR author to recommended a final offense level which the government believes to be too high.  The most important and specific provision in the PIR with which the government objects is paragraph 45.  The PIR author was correct in noting that Application Note 3 in the Commentary to § 2B5.3 of the Guidelines Manual provides that "if the defendant de-encrypted or otherwise circumvented a technological security measure to gain initial access to an infringed item, an adjustment under § 3B1.3 (Abuse of Position of Trust or Use of Special Skill) shall apply."  The basis for the government's objection is that it is unaware of any evidence establishing that the defendant in fact "de-encrypted" or otherwise circumvented a technological security measure "*to gain initial access to an infringed item.*"  It appears as though the author of the PIR inferred from the defendant's uploading of "keygens" to an FBI undercover server, discussed in paragraphs 29 and 30, which, when used, permitted unauthorized access to copyrighted works, that the defendant fell within the terms of Application Note 3.  We think this is incorrect.  While the defendant undoubtedly did upload keygens, the government does not have evidence that he was involved in creating those keygens or that he was able "to gain initial access to an infringed item."  In short, defendant's transfer of keygens did not necessarily require any special skill.  The special skill lies in the creation, not the transfer, of keygens.  For these reasons, the government submits that the two level adjustment recommended in the PIR in paragraph 45 is in error and should not be imposed by the Court in sentencing the defendant.

Paragraph 15 of the PIR also contains an error. The evidence possessed by the government does not establish or even suggest that the defendant participated in the infringement of 7,874 protected works. The author of the PIR no doubt arrived at that figure after reviewing a spreadsheet provided by the government consisting of somewhat raw and difficult to understand transfer logs which showed that the defendant participated transferring 7,874 files. But each of these files was not necessarily a complete work, but only part of a work, transferred separately to expedite the transfer. In fact, the number of actual works transferred one or more times by the defendant for which the government has firm evidence is about 179. This is by no means to suggest that the defendant personally transferred or infringed only that many works; on the contrary, he very likely transferred many more. But the analyzed evidence obtained by the government from its undercover operation actually establishes only that the defendant participated in the transfer on single or multiple occasions of about 179 copyrighted works, not 7,874 works.

In paragraph 21 and 22, the PIR refers to David Pruett who was also associated with the warez group Legends Never Die ("LND") and who was sentenced in the Western District of North Carolina to 18 months' imprisonment on June 28, 2006. The PIR notes that Pruett's infringement amount had been calculated at $850,000, and then in paragraph 28 questions why defendant Trang should not be similarly treated. Pruett was an undisputed and significant member of the group LND. In contrast, Trang was associated with the group, performed valuable testing of infringed software for the group and received extensive and valuable infringed copyrighted works from the group as a result of his association. It was

never clear to the government precisely whether Trang had formally become a member of the group or whether he maintained a loose affiliation with it.  As a result, the government chose to give the defendant the benefit of an arguable point and not allocate to the Court that he should be held accountable for the full infringement activities by LND under the USSG principles of relevant conduct.  Had there been a trial in this case, and had the evidence been more fully developed, it may well have been the government's position that Trang should be sentenced as Pruett was.

For all these reasons, the government respectfully submits that the Court should sentence the defendant in accordance with the terms of the plea agreement and that the defendant's final offense level should be 13, as provided in the agreement.

**II.    Defendant Trang's Sentencing Memorandum**

The government believes that defendant Trang's Sentencing Memorandum contains factual errors and repudiates the terms of the plea agreement by requesting a downward departure under the Sentencing Guidelines, as opposed to a variance under *United States v. Booker*, 543 U.S. 220 (2005), pursuant to the terms of 18 U.S.C. § 3553(a).  The plea agreement in this matter includes a stipulation by both the government and the defendant that the applicable appropriate final Sentencing Guidelines offense level is 13, calling for a sentence of from 12 to 18 months, assuming a Criminal History Category of I.  Defendant Trang nevertheless requests a sentence of probation and incarceration for less than a year. In support of this request, the defendant misrepresents his role in the offense, his acceptance of responsibility, and his candor and cooperation with the government, and requests this

Court to depart, *under the Guidelines*, from the Sentencing Guidelines level that the defendant agreed in the plea agreement was appropriate.

In his Memorandum, the defendant avers that he was only "marginally" involved in copyright infringement activities, Def. Sent. Memo., at 1-2, 7; that he "immediately and exceptionally accepted responsibility for his actions," Def. Sent. Memo., at 2, 9; that he did not know his infringement activities were illegal, Def. Sent. Memo., at 2-3, 7; that he did not realize any gain or profit from his infringement activities, Def. Sent. Memo., at 7; and that the government elected not to use Trang in the investigation of other criminal activity because his utility was limited by his minor and marginal role in LND and the warez scene, Def. Sent. Memo., at 7. Each of these assertions is either misleading or false.

As part of the undercover investigation, discussed in the PIR, the defendant's premises were searched in April 2004. On April 27, 2004, and again on December 14, 2004, the defendant was interviewed by law enforcement. While the defendant made certain incriminating statements during these interviews, he was not fully forthcoming. In a letter dated August 31, 2005, the then lead prosecutor in this case, Eric Klumb, wrote to counsel for defendant, explaining the government's concerns about Trang's veracity and acceptance of responsibility. In the letter, Mr. Klumb stated:

> Statements during his April 21, 2004, interview - Although understandable, it does not appear that Mr. Trang was completely truthful. For example, he failed to identify his acquaintance Billd0 as a member of LND, although he had been in contact with him for years, and knew a fair amount of personal information about him based on IRC sessions. In fact, Mr. Trang had emailed Billd0 back in 2001 and had also allowed Billd0 to access Mr. Trang's computer and download CAD software from it, in contradiction to Mr. Trang's

5

claim that he never distributed any software. He also claimed he downloaded software to study it, which he thought was legal, but in fact he downloaded other items, like games, music, and other works, that were clearly used for entertainment purposes.

Mastercam - In his first interview, Mr. Trang is reported to have admitted taking Mastercam updates from his work, Fisher Imaging, and supplying them to LND. In his second interview, he denied telling the FBI that, and claimed it must have been a misunderstanding based on the language difficulty. Both I and the FBI agents who conducted the interview find that to be implausible, especially given the specificity of the information.

Other Uploads - Mr. Trang admitted in the second interview that he had provided Solidworks and Mastercam to LND, but claimed that they were shareware versions he obtained from newsgroups. If true, that isn't exactly a defense, since warez groups often crack beta or demo versions of software by bypassing time or function limitations intended to make the beta or demo versions less than fully functional. In any event, he claimed that he provided no other software titles. However, we have obtained the transfer logs from LND's private server (not the FBI's undercover server) and these logs reflect that your client also supplied copies of Cadkey Workshop, Vericut, Surfcam and Catia software.

Defendant's argument that his marginal role in LND justifies a sentence of probation and less than one year of incarcerations is also misplaced. Trang tested cracked software for LND and supplied the warez group with software titles for illegal distribution. He also received substantial quantities of infringing copyrighted works from LND for his own personal use. As discussed above, there was enough doubt about Trang's membership in LND to permit the government in good faith to agree not to seek to have Trang held accountable, under principles of relevant conduct, for the full infringement activity of LND, some $850,000. However, the figure for which he is being held accountable, $33,700, and to which the defendant agreed under the terms of the plea agreement, reflects the value of

copyrighted works *actually transferred by the defendant himself*.  Thus, the defendant has already received a very significant concession from the government for purposes of plea concerning his relevant conduct and his role within LND, and the offense conduct that results in a final Guidelines offense level of 13 under the terms of the agreement reflects the defendant's own illegal infringing activity, and no one else's.  It is obviously nonsensical to characterize the defendant's own conduct as marginal within the narrow confines of his own conduct, but that, in effect, is exactly what the defendant is doing.  Were Trang being held accountable for the conduct of LND as a whole, or for the conduct of other members of LND in addition to his own, then his argument that his conduct should be evaluated within that larger context would be logical, even if it had no practical effect.  But that is not this case, and the government respectfully submits that defendant's request for a reduction in sentence due to his "marginal" or "minimal" role should be rejected.

The government also notes other concessions to the defendant underscoring that the agreed USSG level in the plea agreement likely understates the defendant's culpability.  In a letter dated April 14, 2006, the government explained to counsel for defendant that the terms ultimately memorialized in the defendant's plea agreement likely understate defendant's criminal activity.  Mr. Klumb stated,

> The applicable guideline is 2B5.3, which begins at a base level 8.  The proposed infringement amount would be more than $30,000 but less than $70,000 based on his file transfers alone.  We did not value all of the transfers.  Essentially, we stopped counting when it was clear that we were over $30,000.  My previous estimate of $67,000 was too high, as we included nfo or "info" files that were not copies of software, though the software title appeared in the file.  This infringement amount adds 6 levels.  Because the offenses involved

7

uploading, another 2 levels would be added, bringing the total to 16. With a 3 level reduction for acceptance of responsibility, his final offense level would be 13, a range of 12 to 18 months.

Significantly, this calculation does not include:

- additional infringement amount attributable to the group Legends Never Die or LND, and to any member of LND through relevant conduct principles;

- any additional infringement amount uncovered as a result of an examination of your client's computers, which may or may not increase the guideline calculation;

- any additional infringement amount calculated by multiplying the value of the titles your client uploaded to the server by the number of times, if any, they were downloaded by others; [and]

- any other additional amount uncovered as a result of interviews with other targets interviewed in this case or an examination of any of the evidence seized from them, including other FTP sites....

The defendant also asserts that he neither knew his conduct was illegal nor gained anything from his activities. These assertions are false. The charge to which defendant pled guilty, conspiracy to commit copyright infringement, in violation of Title 18, United States Code, Sections 371, and 2319(a), (b)(1), and (c)(1), and Title 17, United States Code, Section 506(a)(1) and (a)(2) (2004), includes the element of willfulness, and defendant had to acknowledge his knowing violation of a legal duty to enter his plea. The defendant cannot admit he knew his conduct was illegal to enter a plea and then deny such knowledge to seek a reduced sentence. The defendant also had to admit that he committed the offense for the purpose of commercial advantage or private financial gain, 17 U.S.C. § 506(a)(1) (2004), and he did receive financial gain in illegally acquiring nearly two hundred, or more, infringing

copyrighted works.

Finally, throughout his Sentencing Memorandum, the defendant asks this Court to depart from the agreed offense level of 13 memorialized in the agreement. The government does not understand how the defendant can admit for purposes of plea that 13 is the appropriate final offense level for sentencing purposes and then urge the Court to depart from that level, under the Sentencing Guidelines,[1] for mitigating role under USSG § 3B1.2, Def. Sent. Memo., at 8, 18, and for lack of financial motive in the commission of the offense, Def. Sent. Memo., at 18. These requests are patently in violation of the terms of the agreement, and we respectfully request the Court to reject them.

The government submits that the terms of the plea agreement, including the final offense level of 13, and the corresponding sentencing range of 12 to 18 months, fairly reflect the scope and seriousness of defendant's illegal conduct, and it respectfully requests this Court to sentence the defendant consistent with those terms.

---

[1] The government does not dispute that, under the terms of the plea agreement, the defendant is entitled to request the Court to sentence the defendant outside of the terms of the Sentencing Guidelines pursuant to *United States v. Booker*, 543 U.S. 220 (2005).

                            Respectfully Submitted,

By:    s/ Corbin A. Weiss
          CORBIN A. WEISS
          Senior Counsel
          United States Department of Justice, CCIPS
          Criminal Division, Computer Crime and
              Intellectual Property Section
          1301 New York Avenue, NW, Suite 600
          Washington, D.C. 20530
          Telephone: (202) 514-1026
          Facsimile: (202) 514-6113
          E-mail: corbin.weiss@usdoj.gov

          s/ TYLER G. NEWBY
          TYLER G. NEWBY
          Trial Attorney
          United States Department of Justice
          Criminal Division, Computer Crime and
              Intellectual Property Section
          1301 New York Avenue, NW, Suite 600
          Washington, D.C. 20530
          Telephone: (202) 514-1026
          Facsimile: (202) 514-6113
          E-mail: tyler.newby@usdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that on this 16th day of July, 2007, I electronically filed the foregoing **GOVERNMENT'S RESPONSE TO PRESENTENCE INVESTIGATION REPORT AND TO DEFENDANT'S SENTENCING MEMORANDUM** with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following e-mail addresses:

suneeta.hazra@usdoj.gov

Valerie.Nielsen@usdoj.gov

USACO.ECFCriminal@usdoj.gov

dao@davidogilvielaw.com

tlc@davidogilvielaw.com

jsv@saintveltri.com

                                                  By:     s/ TYLER G. NEWBY
                                                          TYLER G. NEWBY
                                                          Trial Attorney
                                                           United States Department of Justice
                                                           Criminal Division, Computer Crime and
                                                                Intellectual Property Section
                                                           1301 New York Avenue, NW, Suite 600
                                                           Washington, D.C. 20530
                                                           Telephone: (202) 514-1026
                                                           Facsimile: (202) 514-6113
                                                           E-mail: tyler.newby@usdoj.gov